**THOMSON v. UNITED STATES.**

**No. 11113.**

Circuit Court of Appeals, Ninth Circuit.
April 30, 1947.

Rehearing Denied July 27, 1947.

A. L. Wirin and Fred Okrand, both of Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., and Ernest A. Tolin and Homer H. Bell, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment entered in a judge tried case sentencing appellant to a year in the penitentiary. The appellant was subject to selective service under the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 301 et seq. He was classified in Class 1-A and duly notified thereof and ordered to report on May 24, 1945, at his induction station at Reseda, Los Angeles County, California, for induction into the armed service. He was found guilty of having knowingly failed so to report.

Appellant contends here that his selective service board erred in classifying him as in Class 1-A and that on the evidence he should have been classified as a conscientious objector by reason of religious training and belief, and hence was wrongfully ordered to report to the induction station.

Appellee contends that appellant was not entitled to tender this issue below and is not entitled so to do here because in failing to report he had not exhausted his rights under the selective service administrative process.

The judgment should be affirmed. It is admitted that appellant failed to report to his induction station as ordered. Appellant contends that because he had undergone his first preinduction physical examination there was no further action by the military authorities to be taken with respect to him prior to his actual induction. Hence it is argued such reporting was an unnecessary formality and not a part of the administrative process.

Appellant relies upon the decision of Dodez v. United States (reported under Gibson v. United States), 67 S.Ct. 301, 91 L.Ed.——. There is no merit in this contention. In the Dodez case the order was to report to a conscientious objector's camp, where, if he had reported, no further action of the authorities was required for the officers to obtain jurisdiction over him.

In the instant case the evidence shows that more than 90 days prior to the order of May 24, 1945, to appellant to report, that is on June 5, 1944, appellant had undergone his first preinduction physical examination. It is obvious that in this period, much longer than 90 days, he may have become physically unfit for military service. To meet such a situation sub-paragraph (e) of paragraph 15 of regulation 615-500 provides

"e. *Registrants forwarded for induction.* —Registrants forwarded for induction will ordinarily have had a preinduction physical examination within 90 days and will require only a physical inspection. Registrants so forwarded, who have not been previously examined, or who have been previously examined and found not acceptable, or who have been examined and found acceptable more than 90 days previously, will be given a complete examination. *The preinduction*

*physical examination will be void after 90 days from the date of the examination shown on DSS Form No. 22¹*" (Emphasis supplied.)

It is thus apparent that appellant's pre-induction examination was "void" and he was required to submit to a "complete" examination by the military authorities after his arrival at the induction station and before the induction ceremony.

Even if appellant had been ordered to report within the 90 day period, after reporting and prior to induction, he would have been subject to an extensive, if not complete, physical examination under subsection (1) of the same regulation, providing

"(1) *Physical inspection.*—Registrants found acceptable for military service on preinduction physical examination and reporting to an armed forces induction station on order to report for induction within 90 days of such examination, will be given a careful physical inspection, with all clothing removed, for contagious diseases, apparent defects, and intercurrent illness or injury. Such registrants will be rejected only under exceptional circumstances which indicate marked deterioration in physical condition, or error or omission by the preinduction examining personnel."

Appellee's supplemental brief states that the same question here urged by appellant was presented on certiorari in the case of Balogh v. United States, 1947, 67 S.Ct. 625, 91 L.Ed. ——, and quotes from the brief of the United States in that case. Since appellant does not controvert that this was the issue presented in the Balogh case, we accept it as the fact.

In the Balogh case, the Supreme Court reversed the judgment of the second circuit in favor of Balogh on the authority of Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305. In the latter case it was held that a Class 1-A selectee, subject to physical examination by the military authorities after reporting to his induction station, who failed so to report, could not raise an issue of error in his classification because he had not exhausted his rights under the administrative process. The basic ruling in the Falbo case is stated

at page 553 of 320 U.S., at page 348 of 64 S.Ct.:

"The connected series of steps into the national service which begins with registration with the local board does not end until the registrant is accepted by the army, navy, or civilian public service camp. Thus a board order to report is no more than a necessary intermediate step in a united and continuous process designed to raise an army speedily and efficiently."

The Falbo and Balogh cases control the instant appeal and the judgment of the district court is

Affirmed.